**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DENNIS AGUILAR-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | Nos.   13-72964<br>            14-70852<br><br>Agency No. A200-832-279<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Dennis Aguilar-Martinez, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(No. 13-72964), and of the BIA's order denying his motion to reopen removal proceedings (No. 14-70852). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001), and review for abuse of discretion the BIA's denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We deny the petitions for review.

As to petition No. 13-72964, Aguilar-Martinez does not challenge the agency's conclusion that he failed to establish past persecution or a fear of future persecution on account of membership in a particular social group. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Further, substantial evidence supports the agency's conclusion that Aguilar-Martinez failed to establish past persecution or a fear of future persecution in Honduras on account of any other protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, applicant must prove that a protected ground is at least 'one central reason' for persecution); *see also Molina-Morales*, 237 F.3d at 1052 (personal retribution is not persecution on account of a protected ground). We reject Aguilar-Martinez's contention as to humanitarian asylum. *See Belayneh*, 213 F.3d at 491. Thus, Aguilar-Martinez's asylum, including humanitarian asylum, and

withholding of removal claims fail. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence also supports the agency's denial of Aguilar-Martinez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Honduran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

As to petition No. 14-70852, Aguilar-Martinez makes no arguments challenging the BIA's order denying his motion to reopen. *See Martinez-Serrano*, 94 F.3d at 1259-60 (petitioner waived issue by failing to address how the BIA abused its discretion in denying his motion to reopen).

**PETITIONS FOR REVIEW DENIED.**